Costello *v.* Prospect Brewing Co.

Ann Costello, appellant,

*v.*

The Prospect Brewing Company, respondent.

52  557
64  621

A wife, to whom her husband had made a voluntary conveyance of an equity of redemption in real estate, paid, with her husband's consent, out of her own and her children's earnings, a portion of the mortgage debt; on a bill, filed by her husband's precedent creditors, to set aside the conveyance to the wife as fraudulent—*Held*, that the decree should preserve the right of the wife to a lien for the amount which she had so paid.

On appeal from a decree in *Prospect Brewing Co.* v. *Costello,* which adjudges that a conveyance from a husband to his wife be set aside as against the judgment creditor of the husband.

*Mr. David J. Pancoast,* for the appellant.

*Mr. Alfred Hugg,* for the respondent.

The opinion of the court was delivered by

Reed, J.

The bill was filed by the Prospect Brewing Company, which held three judgments against Thomas K. Costello, one for $4,700, another for $890, and still another for $320, all entered on December 31st, 1890, for debts incurred in 1887. Executions issued upon these judgments were returned unsatisfied.

The bill charges that Thomas K. Costello is the real owner of certain pieces of real estate, the paper title to which is in the name of his wife, and prays that the conveyances to her may be set aside and the title to the same declared to be in the husband, so as to subject the said real estate to the lien of the said judgments.

One of these pieces of real estate was conveyed to her directly by one Bernard Lyon, in 1887; another by Robert Wallace, in

February, 1888; another by Joseph J. Allen, trustee of William B. Ellis, in December, 1883; and another by William B. Ellis and wife on the same day.

None of these conveyances was made to the wife by the husband, either directly or indirectly. The ground upon which the husband's creditor claimed a right to subject these several pieces of property to the payment of his judgments, was that the property had been paid for by the wife out of money which belonged to the husband.

The vice-chancellor who heard the cause refused to recognize this claim of the creditor, and no appeal has been taken from the decree on this ground.

But in addition to the pieces of property already mentioned, there was another, the title to which was in the wife, and which the bill also prayed might be subjected to the payment of the judgment creditor's debt.

This piece of property had been conveyed to Thomas K. Costello, the husband, by one Robert Conway. Thomas K. and his wife gave to Conway at the time of the purchase a mortgage for $2,000. The property, as I gather from the testimony, was, when sold, subject to a $2,000 mortgage, so that the property, when in the hands of Thomas K., was encumbered to the amount of $4,000.

He held it for a year or more, and being unable to pay the interest upon the mortgages he conveyed it, on January 9th, 1890, to John Conway, son of Robert Conway; John and his wife, on the same day, conveyed to Mrs. Costello.

The conveyance from the husband to the wife, through John Conway, seemed to have been voluntary. The mortgages of $2,000 each were upon the premises, and although $4,010 is mentioned as the consideration, Mrs. Costello swears that no cash passed.

The devolution of title to this property differed from the titles to the other pieces of property in the particular that it passed to the wife from the husband.

Inasmuch as the conveyance of the equity of redemption in it was voluntary, it was voidable as to antecedent creditors without

Costello *v.* Prospect Brewing Co.

respect to the intention of the parties in making the deed. It follows that the decree, in avoiding it and subjecting it to sale for the payment of these judgments, was entirely equitable.

There is, however, a feature of the case which does not appear to have been presented to the court of chancery, which seems to call for a modification of the decree.

It appears that the wife, since she has had the title to the equity of redemption in this property, has paid $1,000 on the mortgage debt.

This fact was used by the counsel for the appellant as a reason why the conveyance to the wife should be permitted to stand. It was not pressed that a lien for the amount of this payment should be preserved to the wife in case the conveyance was set aside.

In the light of the testimony in the cause, I think that she is entitled to this. The evidence is that the money with which this payment was made was derived from the same sources as was the money which went to pay for the pieces of real estate already mentioned, the title to which was permitted to remain in the wife. The wife had for several years conducted a business. Her husband, neither by disposition nor habits, was fitted for business, and the support of his wife and children fell upon the wife's labor and business management, in which he seems to have taken no part.

From the proceeds of her business and from the wages of her children, earned in a neighboring mill, she bought land, borrowed money from building and loan societies, erected houses for renting purposes, and out of the proceeds derived from these sources, paid the sum named, upon the mortgage encumbrance upon this property.

The husband laid no claim to these proceeds of the labor of his wife and children, but, on the contrary, recognized the right of his wife to have unrestrained control over both.

Now, while the husband has the right to the earnings of his wife if he chooses to exercise that right, yet he is not bound to do so. The earnings of a married woman, working on her own account or by her husband's permission, or earned in working

for herself without his permission, if given to her by him, are her separate property and within the provisions of the Married Woman's act; and a husband is not bound to compel his wife to labor for his creditors or to appropriate her earnings to them. His permission and gift to her are valid against his creditors. *Peterson* v. *Mulford, 7 Vr. 481.*

·The right of a father to forego his claim for the earnings of his children is equally clear. He may sell or give to the infant his time or authorize him to make contracts in his own name and receive pay therefor, and in such case the minor may sue for and recover his wages. *Wood M. & S. (2d ed.)* § *25; Snede-ker* v. *Everingham, 3 Dutch. 143 ; Campbell* v. *Campbell, 3 Stock. 268.*

There is no rule of law which requires the husband to compel the wife or a parent to compel his children to work for his creditors.

The decree should be modified so that Mrs. Costello may be subrogated to the right of the mortgagees for such amount as she may have paid upon the mortgages, so that her lien may be established to that extent in preference to the lien of the creditors' judgments.

There is another objection taken to the form of the decree.

The objection is that the decree fixes upon the wife a personal liability to pay the judgments, and that it can be enforced as a judgment by an execution which may be levied upon any of her property.

This part of the decree directs that she shall pay the judgments before a certain day, and that, in default thereof, an execution issue to make the money out of this piece of property.

This form of the decree is intended merely to permit the wife to save this property from sale, if she sees fit, by paying the judgments.

The effect of a failure to make such payment is fixed by the decree. It is that execution shall issue, not against all the wife's property, but only to sell this particular property.

The judgment is reversed.

*For reversal*—ABBETT, DIXON, GARRISON, LIPPINCOTT, REED, VAN SYCKEL, BROWN, SMITH—8.

*For affirmance*—None.